Argued and submitted June 14, on appeal, remanded to trial court to modify judgment to award wife $800 per month from Tri-Met pension; otherwise affirmed on appeal and cross-appeal October 11, 2006

In the Matter of the Marriage of

John Wayne MILLER,
*Respondent - Cross-Appellant,*
*and*

Susan P. GARREN,
*Appellant - Cross-Respondent.*

C031721DRC; A127322

145 P3d 285

Erika K. Tuenge argued the cause for appellant - cross-respondent. With her on the briefs were David N. Hobson, Jr., and Hobson & Angell, L.L.P.

Mark Johnson argued the cause for respondent - cross-appellant. With him on the brief was Johnson, Renshaw & Lechman-Su, PC.

Before Edmonds, Presiding Judge, and Linder, Judge,* and Richardson, Senior Judge.

RICHARDSON, S. J.

* Linder, J., *vice* Wollheim, J.

## RICHARDSON, S. J.

Wife appeals and husband cross-appeals from the property division in this dissolution of marriage proceeding. Wife contends that the trial court erred in its apportionment to her of a survivor annuity that is a part of husband's pension. She contends, further, that the court erred in its division of the pension. Husband asserts that the court erred in ruling that his premarital equity in the residence is a marital asset. On *de novo* review, ORS 19.415(3), we modify the judgment and affirm as modified on the appeal and affirm on the cross-appeal.

The parties were married in 1984 and, at the time of trial, had been married 20 years. Husband is 68 years old. He retired in 1998 from his job with Tri-Met. His pension benefits and Social Security yield a net monthly disposable income of approximately $3,000, and he earns about $150 per month from odd jobs. Wife is 54 years old. She has various training certifications that could potentially allow her to be employed, but the trial court found that she is currently unemployable and lives a "nomadic" lifestyle because of undiagnosed mental illness. She has no income. The parties have one adopted child, wife's granddaughter, who was 17 years old at the time of trial and lives with husband. The custody of the child is not in dispute on appeal, and wife does not pay any child support. At the time of trial, husband was receiving Social Security benefits of $738 on behalf of the child, but those benefits terminate when she turns 18.

The parties' assets consist of the family home, purchased by husband in 1969, their vehicles, two investment accounts (valued at $24,000 and $5,000), and husband's pension. The residence has equity of $223,000, and husband pays a mortgage payment of $600 per month, not including taxes. Husband owned the house long before the marriage, but the trial court determined that it had become marital property due to its commingling with the family's finances. In his cross-appeal, husband assigns error to that ruling. We agree with the trial court that husband's premarital equity in the home has been commingled through its treatment as a financial resource to the family, *Kunze and Kunze*, 337 Or 122,

140, 92 P3d 100 (2004), and that the trial court properly treated the home, including husband's premarital equity, as a joint asset of the marital partnership. We accordingly affirm on the cross-appeal.

The other major asset is husband's Tri-Met pension, which is currently in payout status. His monthly pension benefit at the time of trial was $1,878 ($1,819 plus a $59 retiree medical benefit). Husband's expert witness testified that the present actuarial value of the pension benefit is $271,293 and that the present value of the marital portion of the pension is $129,579, or approximately 47 percent of the total pension, for a monthly benefit of $897. Considering the parties' limited financial means, the trial court decided to treat the marital portion of the pension as an income stream, rather than a marital asset. The court recognized that one-half of the marital portion of the pension, which is $398 per month, would not be adequate to provide wife a reasonable income. In lieu of spousal support, the court awarded $650 per month to wife as a nonmodifiable property distribution from the pension, which is approximately 35 percent of the total monthly payout and 72 percent of the monthly portion attributable to the marriage.

Upon his retirement in 1998, husband made an irrevocable election of a survivor annuity benefit in favor of wife, which had the effect of reducing his monthly retirement benefit by approximately $300. The expert valued the survivor's benefit at $161,408, or $1,212 per month. Wife did not offer an alternative value. The trial court awarded to wife 100 percent of the survivor benefit; however, her receipt of any benefits is contingent on her surviving husband. If she survives husband, she will receive approximately two-thirds of the pension benefit that husband currently receives. If she does not survive husband, she will receive no benefit from the annuity.

On appeal, wife assigns error to the trial court's decision to assign to her the full present actuarial value of the survivor annuity. She recognizes that the annuity has value, but reasons that the possibility that she will actually receive it is speculative and contends, therefore, that it is inequitable

to assign to her the full present value of the survivor annuity in equalizing the property division.

■ Initially, we reject husband's contention that wife failed to preserve her argument. In her amended trial memorandum, wife argued that the speculative nature of the survivor annuity made it inequitable to apportion its entire present actuarial value to wife in the division of the parties' assets. In lieu of making a current distribution of the survivor annuity to wife, she sought—and continues to seek— imposition of a constructive trust over the survivor annuity proceeds, and equal apportionment—to wife and to husband's designated beneficiary—of whatever sums might ultimately be received. We conclude that wife preserved her contention that the survivor annuity should not be presently attributable to her in the property division.

■ On the merits, however, we agree with the trial court. It is the responsibility of the court to divide the marital property in a manner that is just and equitable under all the circumstances. As husband notes, a retirement plan or a party's interest therein "shall be considered as property" subject to division. ORS 107.105(1)(f).[1] In Oregon, unvested pensions are subject to valuation and the court's disposition on dissolution, see *Richardson and Richardson*, 307 Or 370, 373-77, 769 P2d 179 (1989), and we conclude that the survivor annuity is analogous. We recognize that there is a speculative quality to wife's interest. It is indeed possible that wife will die before husband and will never see a single payment from the annuity. But that does not mean that her interest in the annuity has no value. She is the only beneficiary and, should she survive husband, it will provide her with an income stream. The expert witness took into account the contingency of wife's survival in valuing the survivor benefit. The trial court did not err in treating the survivor annuity as

---

[1] ORS 107.105 provides, in part:

"(1) Whenever the court renders a judgment of marital annulment, dissolution or separation, the court may provide in the judgment:

"* * * * *

"(f) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all of the circumstances. A retirement plan or pension or an interest therein shall be considered as property."

property subject to the court's dispositional authority and assigning it to wife.

■ In her second assignment of error, wife argues that, in light of the length of the marriage, the age of the parties, and her mental illness, in determining a just and proper division of the property, the trial court should have awarded her a portion of the premarital pension benefit. The gist of wife's argument is that husband's decision to elect the survivor annuity shows his intent to confer on her a benefit from the entire pension, not just the marital portion. Wife also argues that, because wife's property award consists primarily of the intangible survivor annuity that she may never realize, it is just and proper to award her a part of the premarital pension, in order to equalize the parties' income streams at the current time.

■ Marital property is to be divided as equally as possible, in the absence of special circumstances that would justify an unequal division. *Colling and Colling*, 139 Or App 16, 23, 910 P2d 1165, *rev den*, 324 Or 78 (1996). In dividing the marital property, the trial court had in mind the parties' limited resources, as well as wife's need for a dependable source of income for her lifetime. In light of that, the trial court chose to award wife more than half of the marital portion of the pension benefit, as a nonmodifiable source of income during husband's lifetime. The trial court also awarded her the investment account of $25,000. However, the division of the marital property is not substantially equal. Husband is awarded assets with a value approximately $40,000 greater than the assets awarded to wife. We conclude that, in order to effect a more equitable property division, it is appropriate to award wife an additional amount from the marital portion of the pension benefit, and we therefore increase wife's share of the pension to $800 per month.

On appeal, remanded to trial court to modify judgment to award wife $800 per month from Tri-Met pension; otherwise affirmed on appeal and cross-appeal.