DEHOOG, P. J.
*749 Husband appeals a judgment dissolving the parties' marriage and challenges, in three assignments of error, the trial court's division of the marital property. Husband argues that the court abused its discretion (1) by failing to follow the correct methodology in determining a just and proper division, (2) by not awarding husband the entire premarital portion of his Civil Service Retirement System (CSRS) benefits as his separate property, and (3) by excluding from its calculation of the equalizing judgment the anticipated pay-out value of the CSRS survivor's benefit awarded to wife. Addressing only the first assignment of error, we agree with husband that the record does not reflect that the trial court conducted the required analysis under ORS 107.105 in dividing the parties' property, and that the court therefore abused its discretion. Although we recognize that trial courts have broad discretion to determine what constitutes a just and proper division of the marital property in each case, a court must follow the correct methodology when exercising that discretion. Because, in this case, the record does not reflect that the court followed the correct methodology, we reverse and remand.[1]
Husband requests de novo review. We decline to exercise our discretion to review de novo because husband has not demonstrated that this is an "exceptional case" warranting such review. See ORS 19.415(3) ; ORAP 5.40(8)(c). Accordingly, we recount the facts "consistently with the trial court's express and implied findings, supplemented with uncontroverted information from the record." Tilson and Tilson , 260 Or. App. 427, 428, 317 P.3d 391 (2013) (internal quotation marks omitted). In this case, the facts relevant on appeal are undisputed.
Husband and wife married in October 1978. Before the marriage, husband served in the military for 36 months and worked for the federal government as a civilian for an *1036 additional 29 months. After the parties married, husband "bought back" his accrued military retirement benefits so as *750 to include that time toward the calculation of his eventual CSRS benefits. During the marriage, husband continued working for the federal government, accumulating an additional 319 months toward his CSRS benefits before retiring in 2004. At the time of the trial court's decision, husband's CSRS annuity was in "pay-out" status. Throughout most of the marriage, wife worked as a stay-at-home mother. Because, for much of that time, husband's work situation only permitted him to return home on the weekends, wife's duties included single-handedly caring for the parties' child with autism and managing the cattle and irrigation systems on the family's ranch. When he retired, husband elected to receive a survivor's benefit, naming wife as the beneficiary. As a result, wife was ensured a lifelong annuity should husband predecease her, but, given that contingency, she was not guaranteed to realize any income from that benefit.
Wife filed for divorce in April 2015. The parties generally agreed regarding the value and division of most of their assets and debts. They disputed, however, the proper division of the premarital portion of husband's CSRS benefits and the appropriate way to account for the expected value of wife's survivor benefit in the overall property distribution. As to the division of the CSRS benefits, husband argued that he was entitled not only to the benefits accrued during his premarital work as a civilian, but also to the amount associated with his military service, because it too was a premarital asset. Wife responded that, by "buying back" his military time, husband had at least converted the retirement benefits associated with that time into a marital asset; wife further argued that, to the extent that husband had not converted those benefits into a marital asset, it was nonetheless just and proper under the circumstances for the court to award wife one-half of the premarital portion. As to the survivor annuity, husband argued that the overall property division should attribute to wife the full expected pay-out value of the annuity, which the parties' shared expert estimated would amount to more than $455,000 over wife's expected lifetime. Wife disagreed, arguing, despite the expert's reliance on actuarial tables, that her realization of any annuity remained speculative, rendering it just *751 and proper to disregard or substantially discount any corresponding value in calculating an appropriate award.
After trial, the court took the matter under advisement to consider the parties' contentions. In the written ruling that followed, however, the court did not acknowledge the parties' dispute, nor did it expressly address their arguments. Instead, the court's letter opinion simply stated that "[t]he following distribution is just and proper," followed by an itemized list of assets and the party to whom each item was awarded. The court's determination included a "50/50" split of the CSRS annuity and maintained the survivor benefit in place, with each party responsible for one-half of the monthly premium for the survivor benefit. Beyond stating that its distribution of the marital property was "just and proper," the court did not identify any of the steps it had taken or any matters it had considered in reaching that decision. The court subsequently incorporated its letter ruling into a general judgment, which husband appeals.
On appeal, husband raises three assignments of error, all directed to the trial court's determination of the just and proper division of the marital property. In his first assignment, husband argues that the court erred by failing to follow the prescribed methodology in making that determination. Specifically, husband takes issue with the court's failure to demonstrate that it applied the correct analysis. In his second assignment of error, husband argues that the trial court erred in failing to award him, as a premarital asset, the portion of his CSRS retirement benefits associated with his military service. And, in his third assignment of error, husband argues that the court erred in ignoring or excluding from its calculation of the overall property distribution the expected value of the survivor's benefit that it awarded to wife. Wife does not appear on appeal. We address only the issue raised by the first assignment of error-whether the record demonstrates that the court followed the correct *1037 methodology in exercising its discretion. Because the record does not reflect what methodology the trial court followed, much less that it followed the correct methodology, we must conclude that the court abused its discretion and, consequently, we reverse. *752 We review for abuse of discretion the trial court's determination that a particular allocation of marital property is just and proper. Generally, there is a range of reasonableness for a division of property, and this court will not modify a trial court's award falling within that range. Brown and Brown , 259 Or. App. 618, 627, 315 P.3d 422 (2013), rev. den. , 355 Or. 142, 326 P.3d 1207 (2014). However, to earn the measure of deference to which discretionary decisions are entitled on appeal, "a trial court's property award must reflect the exercise of discretion under the correct methodology[.]" Olson and Olson , 218 Or. App. 1, 16, 178 P.3d 272 (2008). Stated differently, when a trial court makes a discretionary decision, "the record must reflect a proper exercise of that discretion." Id. at 15, 178 P.3d 272. The court's explanation need not be lengthy or complex, but "it must comport with the applicable legal framework and describe the basic reasons for the decision." Id .
The division of marital property is governed by ORS 107.105, which provides, in relevant part:
"(1) Whenever the court renders a judgment of marital annulment, dissolution or separation, the court may provide in the judgment:
"* * * * *
"(f) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. In determining the division of property under this paragraph, the following apply:
"(A) A retirement plan or pension or an interest therein shall be considered as property.
"(B) The court shall consider the contribution of a party as a homemaker as a contribution to the acquisition of marital assets.
"(C) Except as provided in subparagraph (D) of this paragraph, there is a rebuttable presumption that both parties have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."
*753 As part of its proper exercise of discretion, the court must apply the statutory and equitable considerations required by ORS 107.105(1)(f). Finear and Finear , 240 Or. App. 755, 763-64, 247 P.3d 1238 (2011), rev. dismissed as improvidently allowed , 351 Or. 580, 273 P.3d 103 (2012).
ORS 107.105(1)(f) distinguishes between property brought into the marriage and property acquired during the marriage. Therefore, a trial court's first step when applying ORS 107.105(1)(f) is to determine when the parties acquired the property at issue. Kunze and Kunze , 337 Or. 122, 133-34, 92 P.3d 100 (2004). "If the parties acquired the property at issue before the marriage, then the court considers only what is 'just and proper in all the circumstances' in distributing that property." Id. at 134, 92 P.3d 100 (quoting ORS 107.105(1)(f) (emphasis added) ). If the parties acquired the property during the marriage, however, that property is a marital asset, and the court must apply the rebuttable presumption of equal contribution under ORS 107.105 (1)(f)(C). Id . Finally, after the court makes its preliminary determination of the appropriate division of the marital asserts, the court must consider what overall division of the marital property-both the martial assets and other property that the parties brought into the marriage-is just and proper in all the circumstances. Id. at 135, 92 P.3d 100.
Husband argues on appeal that the trial court erred when it awarded wife one-half of the premarital portion of his CSRS benefits as "just and proper" and excluded the expected value of the survivor annuity in the overall division of the assets without showing that it had applied the proper analysis. Husband does not dispute that his CSRS pension is personal property and that the marital asset portion of that pension-that is, the portion accumulated during the marriage-is *1038 subject to division pursuant to ORS 107.705. See Stokes and Stokes , 234 Or. App. 566, 573, 228 P.3d 701 (2010) ; see also ORS 107.105(1)(f)(A) ("A retirement plan or pension or an interest therein shall be considered as property."). Husband likewise acknowledges that, generally, "a spouse is entitled to one-half of that portion of a pension that was accumulated during the marriage." Stokes , 234 Or. App. at 573, 228 P.3d 701. As for survivor annuities, we have viewed them *754 as analogous to unvested pensions and therefore a proper subject of valuation and disposition on dissolution. Miller and Garren , 208 Or. App. 619, 623, 145 P.3d 285 (2006). And, as we understand husband's argument, he does not contend that the trial court could not, as a matter of law, have arrived at the disposition that it did. Husband argues, however, that, in awarding wife one-half of the CSRS benefits that accumulated prior to the marriage and excluding the expected value of the survivor annuity from its "just and proper" determination, the court disposed of those assets without following the methodology required by Kunze and ORS 107.105(1)(f).
We agree with husband that the trial court's award does not reflect that it followed the correct methodology. It may be that the trial court's ultimate award is within the range of legally permissible outcomes. See, e.g. , Van Winkel and Van Winkel , 289 Or. App. 805, 814-15, 412 P.3d 243 (2018) (upholding trial court's award that equally divided premarital property where that award was within the legally permissible range of outcomes and reached through the correct methodology); Kiser and Kiser , 176 Or. App. 627, 633, 32 P.3d 244 (2001) (concluding on de novo review that the wife was entitled to the maximum survivor benefit under the husband's CSRS plan, the cost of which was to be split equally between the parties). But the trial court must follow the correct methodology in reaching that award, and the record must reflect that the court did so. Thus, as explained above, the court must, under Kunze and ORS 107.105 (1)(f), determine when the property was acquired, apply the relevant presumption and considerations, and then make a final determination of what division is just and proper under all the circumstances. See Kunze , 337 Or. at 133-35, 92 P.3d 100. Furthermore, the record must reflect that the court did so. Because the record in this case does not show that the trial court followed the correct methodology, we conclude that the court abused its discretion.
Reversed and remanded.

Because the trial court's decision on remand may alter the rulings underlying husband's second and third assignments of error, we do not address those assignments.