Argued and submitted September 5, 2019, reversed and remanded
September 23, 2020

In the Matter of the Marriage of

Wanphen MUTHUKAN,
*Petitioner-Respondent,*
*and*

Paul Clarkson EASTERBROOK,
*Respondent-Appellant,*
*and*

CROWN T. COMPANIES, LLC;
Crown T. Offices, LLC; Crown T Ranch Land, LLC;
Crown T. Ranch, LLC; Pen Shine Diner, Inc.;
John Does 1 through 10, Representing any Additional
Business Entities Owned by Respondent Easterbrook or
of which Respondent Easterbrook is Registered Agent,
President, Owner, Member, or Secretary,
*Respondents-Appellants.*

Douglas County Circuit Court
15DR05158; A164538

475 P3d 459

Husband appeals a judgment of dissolution, assigning error to the property division. He specifically assigns error to the trial court's award to wife of a commercial property in Roseburg, Oregon, that the parties refer to as "Hughwood." Husband contends that he has rebutted the presumption of wife's equal contribution to the acquisition of Hughwood and that the court therefore abused its discretion in awarding the property to wife. *Held*: Because it is not possible to tell whether the trial court applied the presumption of wife's equal contribution to the acquisition of Hughwood, it is not possible to determine whether the trial court's "just and proper" distribution of the assets was within the court's discretion.

Reversed and remanded.

Ann Marie Simmons, Judge.

Steve C. Baldwin argued the cause and filed the briefs for appellants.

George W. Kelly argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

Reversed and remanded.

## ARMSTRONG, P. J.

Husband appeals a judgment of dissolution, assigning error to the property division, specifically, to the trial court's award to wife of a commercial property in Roseburg, Oregon, that the parties refer to as "Hughwood." Husband contends that he has rebutted the presumption of wife's equal contribution to the acquisition of Hughwood and that the court therefore abused its discretion in awarding the property to wife. We conclude that it is not possible to determine whether the court applied the presumption of equal contribution to the acquisition of marital assets and that, therefore, we cannot review whether the trial court's judgment is within its range of discretion permitted for a just and proper division of assets. We therefore reverse and remand the property division for reconsideration.

The parties met in 1997, when husband was working in Thailand, and began living together. The parties were married in December 1999 and separated in 2015. At the time of trial, husband was 73 and wife was 54. They have one son together, born in 2000. Husband came into the marriage with an asset valued at $3.4 million, consisting of a ranch in California. Wife did not have any assets when the parties married.

During the first five years of their marriage, husband's work required foreign travel of long duration, and wife traveled with him to job locations in Canada, Indonesia, Mexico, and South Africa. She set up and managed the family home at each location and was the primary caregiver for the parties' son.

In 2004, husband retired from his employment. In that same year, husband sold the California ranch and, in a like-kind exchange under Internal Revenue Code section 1031, 26 USC § 1031, husband bought a 700-acre cattle ranch in Douglas County for $1.25 million and the Hughwood property in Roseburg for $900,000. With the remaining funds, husband purchased cattle and equipment for the ranch. Both the ranch and Hughwood are held by limited liability companies owned by husband.

The parties lived together on the ranch and raised their son there until 2012, when wife moved out. Husband

managed the parties' finances and worked the ranch. Wife managed the marital home and contributed significant labor to the ongoing operations of the ranch, including running heavy equipment, eradicating blackberries, moving irrigation lines, and tending to the cattle.

After wife moved from the marital home, the parties did not live together but, wife continued to do work on the ranch through 2015 and also occasionally returned to the marital residence. The ranch earned a net income of $126,000 in 2014 and $8,340 in 2015. The trial court was persuaded by wife's expert that the ranch has a value of $1,774,800.

Hughwood is a commercial building with leased office space. Husband acquired Hughwood in 2004 as part of the section 1031 exchange, and he owns it through an LLC. He testified that income from the ranch would fluctuate and that he purchased Hughwood as a source of steady income. Hughwood had a net income of $59,000 in 2014 and $55,000 in 2015. Husband testified that he managed the property without any assistance from wife. Hughwood did not appreciate in value during the marriage. The trial court was persuaded that, at the time of dissolution, Hughwood had a value of $832,000.

There were other assets. The trial court placed a value of approximately $470,000 on the ranch's cattle, equipment, and personal property. In 2013, husband purchased a commercial property in Winston, Oregon, that the parties intended wife would run as a diner or donut shop and that the court valued at $99,240. Husband owned retirement accounts valued at approximately $165,000. Wife held interests in several small properties in Thailand to which the court assigned a value of $20,500. Husband set up various bank accounts for the LLCs on one of which wife was a signatory.

The parties' income consisted of commercial rent from Hughwood, husband's Social Security, income from the sale of cattle, pasture rent, rent from a fire camp on the ranch property, and a drought payment from the federal government. The parties had no debt, with the exception of

husband's recently incurred credit card debt and potential liability for several years of unpaid income taxes. During the marriage, at wife's request, husband made wire transfers of approximately $349,000 to Thailand for the purchase of real property by wife and in support of wife's family there.

The dispute on appeal concerns the trial court's treatment of Hughwood. We thus offer this summary of the rules pertaining to the distribution of an asset at dissolution. The court's division of property is governed by ORS 107.105, which provides, as relevant:

> "(1)   Whenever the court renders a judgment of marital annulment, dissolution or separation, the court may provide in the judgment:
>
> "* * * * *
>
> "(f)   For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. In determining the division of property under this paragraph, the following apply:
>
> "* * * * *
>
> "(C)   Except as provided in subparagraph (D) of this paragraph, there is a rebuttable presumption that both parties have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."

In *Kunze and Kunze*, 337 Or 122, 135, 92 P3d 100 (2004), the court construed ORS 107.105(1)(f) to distinguish between property brought into the marriage and marital assets— that is, assets acquired during the marriage. In distributing property acquired before the marriage on dissolution of the marriage, the court is to consider only what is "just and proper in all the circumstances." *Id.* As to property acquired during the marriage, there is a presumption that the parties contributed equally to its acquisition, ORS 107.105(1)(f)(C), which weighs in favor of an equal division of the property at dissolution. *See Haguewood and Haguewood*, 292 Or 197, 206, 638 P2d 1135 (1981) (presumption of equal contribution suggests equal division appropriate if division based upon presumption).

A party may overcome the presumption of equal contribution by proving that the other spouse's efforts during the marriage did not contribute equally to the acquisition of the disputed marital asset. *Kunze*, 337 Or at 134-35. In assessing whether the presumption has been overcome, the court considers a spouse's economic and noneconomic contributions, including the contributions of a spouse as a homemaker. ORS 107.105(1)(f) (court shall consider contribution of spouse as homemaker). *Id.* A rebuttal of the presumption may justify a division of the marital assets on less than an equal basis. *Staveland and Fisher*, 366 Or 49, 57, 455 P3d 510 (2019). If the presumption is rebutted, then the court decides how to distribute that marital asset without regard to any presumption and, instead, considers only what is "just and proper in all the circumstances," considering the parties' proven contributions to the asset. *Id.* When a party has proved that a marital asset was acquired free of any contributions from the other spouse, absent other considerations, it is "just and proper" to award that marital asset to the party who has overcome the statutory presumption. *Kunze*, 337 Or at 135-36.

Husband contended at trial that Hughwood, the ranch, and his retirement accounts were separately owned premarital assets that should not be treated as marital property. In the alternative, if the properties were determined to be marital assets, husband contended that he had overcome any presumption of equal contribution by wife to their acquisition. Husband testified that he never intended for wife to have an ownership interest in those assets and that the parties had an agreement to that effect. Instead, husband testified, he agreed to purchase property for wife in Thailand.[1] Husband requested that the ranch and Hughwood be awarded to him without any interest to wife and that wife be awarded her Thailand properties.

Wife asserted that the ranch and Hughwood were acquired during the marriage, that all of the properties were marital assets, and that the presumption of equal

---

[1] Husband testified, "it was an agreement that we had all along that what I had before was mine and that I would buy her properties in, in Thailand."

contribution to their acquisition had not been overcome. She requested that the ranch be partitioned equally between the parties. She requested the sale of Hughwood and an equal division of the proceeds.

The trial court's otherwise thorough letter opinion is rather cryptic in its application of the methodology described in *Kunze*. The court did not explicitly address whether the ranch and Hughwood were marital assets or premarital assets. Rather, the court said, "even if the assets were acquired as a result of a 1031 exchange of other assets acquired prior to the marriage, wife is entitled to a division of at least some of the assets." Nor, if the properties were marital assets, did the court explicitly determine whether husband had overcome the presumption of equal contribution. Rather, the court said that "[e]ven if this court were not to apply a statutory presumption, it is clear that wife contributed substantial labor to the ranch's operation." The court then made a division of assets that the court determined was just and proper.

In determining what was just and proper, the court noted wife's significant contributions of labor towards the ongoing ranch operations and the significant commingling of all the assets, through the intermingling of funds from the various corporate accounts into the family's finances. The court determined that the retirement accounts were husband's premarital assets and awarded them to husband. The court rejected husband's suggestion that wife should be "awarded" the value of $349,000 for the transfers of funds by husband to Thailand for the purchase of property and support of wife's family there, explaining that records were inadequate to establish that value for the Thailand properties. The court attributed a value of $20,500 to the Thailand properties. The court rejected wife's contention that the ranch was amenable to a partition between the parties. The court reasoned that, in light of husband's separate acquisition of the ranch through a section 1031 exchange involving premarital assets, and husband's contribution of his separate retirement funds to the ranch's operations, it was just and proper that husband be awarded the ranch, along with its machinery and livestock.

In light of its award of the ranch solely to husband, and in recognition of wife's contributions to the operation of the ranch, the court determined that "it is proper and just" that Hughwood and the Winston property be awarded to wife. The court observed that the Winston property, which wife hoped to develop as a donut shop, could also be a source of income for wife.

Thus, the trial court's division of real estate and ranch equipment and livestock between the parties was valued at $951,740 for wife and $2,247,225 for husband. The court divided equally an account of $9,394.92 held in connection with Hughwood. To balance the award of the ranch to husband, the court awarded wife an equalizing judgment of $500,000, bringing the property division between the parties close to equal, with $1,456,386 awarded to wife and $1,747,225 to husband.

The court explained that the property division favored husband but reasoned that it was nonetheless just and proper, in light of husband's contribution of premarital assets to the acquisition of the properties. Wife did not request, and the court did not make, an award of spousal support to wife, concluding that most of the parties' income had derived from their properties and that a division of property was a better means of providing support for wife.

Husband assigns error to the trial court's award of Hughwood to wife. Husband acknowledged at oral argument that Hughwood was acquired during the marriage and is therefore a marital asset. *See Kunze*, 337 Or at 133 (Real or personal property acquired by either spouse, or both, during a marriage is a "marital asset."). He contends, however, that he rebutted the presumption of equal contribution with respect to Hughwood and that, in light of that, the property should have been awarded to him. *See id.* at 135-36. Husband asserts, therefore, that the trial court abused its discretion in awarding the property to wife under a just and proper division of assets.

More specifically, husband contends that, although it is likely that the court did so, it is not possible to determine from the trial court's letter opinion whether the court found that the statutory presumption had been rebutted;

husband contends that the evidence requires the conclusion that it has been overcome. Additionally, husband contends, assuming that the court found that the presumption had been overcome, it is not possible to determine whether the court engaged in the proper analysis in concluding, based on the mere intermingling of funds from Hughwood in the family's finances, that inclusion of Hughwood in the property division and the award of that property to wife was equitable, especially given husband's intention and the parties' agreement to keep their properties separate. *See Lind and Lind*, 207 Or App 56, 67, 139 P3d 1032 (2006) (whether commingling requires division of a separately owned asset depends to a large extent on the owner's intent).

We agree with husband that the trial court's analysis of the preliminary determinations required by *Kunze* is opaque. The evidence is certainly sufficient to establish that husband has overcome the presumption of equal contribution of the ranch and Hughwood, and wife concedes as much with respect to Hughwood. That determination would then allow the court to divide the assets in the manner that it determines in its discretion is "just and proper," without regard to any presumption. *Staveland*, 366 Or at 57. But as we recently said in *Sauter and Sauter*, 293 Or App 748, 752, 429 P3d 1034 (2018),

> "[W]hen a trial court makes a discretionary decision, 'the record must reflect a proper exercise of that discretion.' [*Olson and Olson*, 218 Or App 1, 15, 178 P3d 272 (2008)]. The court's explanation need not be lengthy or complex, but 'it must comport with the applicable legal framework and describe the basic reasons for the decision.' *Id*."

It is not possible to tell from the court's letter opinion whether it determined that husband had overcome the presumption of equal contribution with respect to the ranch and Hughwood, or, if so, to what extent the court's division of assets depended on that determination. The former is a factual determination to be made by the trial court in the first instance. *See Staveland*, 366 Or at 58 (whether presumption of equal contribution has been overcome is a factual determination). Indeed, contrary to the idea that the court implicitly found the presumption to have been overcome, there are aspects of the court's letter opinion that lead us to conclude

that the court in fact found that the presumption applied, which would be a stretch on this record. For example, the court's statement that "[e]ven if this court were not to apply a statutory presumption, it is clear that wife contributed substantial labor to the ranch's operation," suggests that the court assumed that the presumption of equal contribution was applicable. Similarly, the court's explanation as to why it did not make an equal division of assets suggests that the court believed that it was dividing the property under the presumption. But, because the court did not make an explicit finding, we cannot be certain. And whether the presumption applies, although a preliminary determination, could have a significant effect on the ultimate property division. If the presumption is applied, absent other considerations, the presumed preliminary appropriate division would be equal. *Kunze*, 337 Or at 134. That is essentially the division that the court made here. If the presumption is overcome, the presumed preliminary appropriate division would be to award both the ranch and Hughwood to husband. *Kunze*, 337 Or at 135 (when a party has proved that a marital asset was acquired free of any contributions from the other spouse, absent other considerations, it is "just and proper" to award that marital asset separately to the party who has overcome the statutory presumption). Only after that determination does the court determine a just and proper division, considering all of the marital property. *Id*. at 135-36.

On remand, the court will have an opportunity to make an explicit determination as to whether husband has overcome the presumption of equal contribution to acquisition of the Hughwood property and, based on that determination, reconsider its just and proper division of the marital property.

Reversed and remanded.